SCHOOL DIRECTORS

*v.*

CHARLES R. MILLER.

1. JURISDICTION IN CHANCERY—*remedy at law.* A party held the promissory notes of certain school directors, given him for the price of a lot of land sold by him for a school house site, and for money loaned to them to erect a school house thereon. After the erection of the building, the school district within which it was situated was attached to and consolidated with another district. On bill filed by the creditor to enforce the collection of the debt against the latter district, it was *held*, the complainant had an adequate

remedy at law upon his notes, if he had any remedy at all, and a court of equity would not, therefore, entertain the bill.

2. SCHOOL DIRECTORS—*of their power to purchase school house sites and to borrow money to build school houses.* School directors have no power, under the statute, to purchase a school house site, or to borrow money to erect a school house, except upon a vote of the people of the district first being had for that purpose. Therefore, the directors can not give their promissory notes for such consideration, so as to bind the district, unless the vote has been taken.

3. SAME—*of their liability as individuals.* Where school directors execute a promissory note in their individual names, for a purpose connected with schools, but not authorized by a vote of the people as required by law, a remedy at law exists against the directors, upon the note, as individuals.

4. SAME—*liability over, of the school district.* It may be, in such case, that the school district would be liable over to the persons who signed the note, on their showing that the avails were appropriated to the legitimate school purposes of the district.

APPEAL from the Circuit Court of Randolph county; the Hon. SILAS L. BRYAN, Judge, presiding.

The opinion states the case.

Mr. JOHN MICHAN, for the appellant.

Mr. J. BLACKBURN JONES, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was a bill in chancery in the circuit court of Randolph county, in which Charles R. Miller was complainant and School District No. 2, in township 5 south, range 5 west, was made defendant.

It appears, by the bill of complaint, that complainant was, on the twenty-seventh of June, 1863, a member of the board of school directors of a district designated as No. 6, in township 5 south, range 5 west, and while such director, he bargained and sold to the board of directors a site for a school

house for that district, and executed and delivered a deed for the same, and at the same time he loaned to the board of directors $300, for the purpose of building a school house on the site so sold by him. The price for the site was forty dollars, and to secure the payment of these several sums, the other two directors executed a note of the following tenor:

" $340. We, the directors of school district No. 6, T. 5 S. R. 5 W. promise to pay Charles R. Miller the sum of three hundred and forty dollars, twelve months after date, for value received," bearing nine per cent interest from date, and dated June twenty-seventh, 1863.

It further appears, that on the twenty-second of June, 1864, the same school directors, complainant not then being a member of the board, borrowed of complainant $512.30, for which they executed a promissory note of the same tenor as the first note, payable twelve months after date, with interest at eight per cent per annum from date. It is alleged that this sum of money, as also the sum of $300 first loaned, were applied for the benefit of school district No. 6, in improving, repairing and completing the school house on the site sold by complainant, and that the school site and school house were accepted by the directors and the people of district No. 6.

The bill then alleges, that after the execution of these notes, school district No. 6 was annexed to and consolidated with district No. 2, in the same township, and then known and styled as district No. 2, and then charging that as district 2 became the owner of the property of district 6, it became liable for the debts and contracts of district 6, and he claims, inasmuch as he has not the bonds of the township, as required by law, and as he was prohibited by law from having any interest in any contract entered into by the board while he was a member, and to which he was a party, he is thereby prevented from a recovery at law, he prayed, as the school directors of No. 2 refused to pay these notes, that they be compelled, by a decree of the court, to pay them.

The defendants demurred generally to the bill, assigning various grounds, among which are, that the remedy of complainant was adequate at law, and that there was no equity in the bill.

The demurrer was overruled and a decree entered against district No. 2 for $1100.45, to be paid in thirty days, and in default thereof, the master in chancery was required to make sale, etc., after giving four weeks' notice of the time and place of sale.

At the succeeding September term, without any notice to defendants, on motion of the plaintiff, the decree of the preceding term was modified by the court, by expunging the order of sale and requiring the clerk to certify the amount of the recovery to the defendants.

To reverse this decree, the defendants appeal to this court.

It is very apparent, from this brief synopsis of the bill of complaint, that the case made by it has no equity in it, and that the remedy, if there be one, is complete and adequate at law, by an action on the notes. If, as seems to be suggested by appellee, the notes are invalid as against the school district, a court of equity can not change their nature and make them valid.

Appellee admits the first note for $340, executed to him by the board of directors, of which he was at the time a member, is in violation of section 42 of the school law, which declares that "no director or trustee shall be interested in any contract made by the board of which he is a member." Scates' Comp. 445.

If this be so, a court of equity can not legalize it.

Appellants make the objection, that not only is that note void as against the statute, but both notes are unauthorized by the statute.

The money borrowed, it is admitted, was for the purpose of building, repairing and fitting up the school house on the site purchased of complainant.

By section 47 of the school law, it is provided that, for the purpose of erecting school houses or purchasing school house sites, or for repairing and improving the same, it shall be lawful for the board of directors of any district to borrow money at a rate of interest not exceeding ten per cent per annum, and issue bonds therefor, in sums not less than one hundred dollars, which bonds shall be executed by the president and clerk of the board, or at least two of the directors. Scates' Comp. 447. And the same section provides that the money shall be voted by a majority of all the votes cast at any election, first giving ten days' notice thereof by posting, etc.

The fact being, that no vote was taken for a school house site, and none to borrow money for erecting a building thereon, no power existed in the directors to execute bonds therefor, and none to give their promissory notes, so as to bind the district. As against the district, the complainant is without remedy.

But the notes being signed in the individual names of the directors, a remedy exists at law against them as individuals, and complainant should have resorted to that mode for redress. It may be the school district would be liable over to the persons who signed the notes, on their showing that the avails were appropriated to the legitimate school purposes of the district. The court erred in overruling the demurrer to the bill on the sixth and seventh grounds therein specified, and the decree must be reversed and the bill dismissed.

*Decree reversed.*